IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-16-0259 |
| CARLOS HERNANDEZ DIAZ, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court is Carlos Hernandez Diaz's Motion, which the Court construes as seeking a sentence reduction and as seeking the appointment of counsel. (ECF No. 1763.) The Motion will be denied.

With respect to the request for a sentence reduction, Hernandez Diaz seeks a reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines ("Amendment 821"). (ECF No. 1763.) Amendment 821 is a multi-part amendment. Part A limits the criminal history impact of "status points."[1] Specifically, a defendant's status points are decreased by one point if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points.

Hernandez Diaz received a criminal history score of five, on top of which he received two additional points for "commit[ing] the instant offense while on probation." (ECF No. 869.) He therefore received a criminal history score of seven, which established a criminal history category of IV. (*Id.*) Pursuant to Amendment A, he would have received a criminal history score of five, which would have established a criminal history category of III. However, this does not change

---

[1] The Court presumes that Hernandez Diaz seeks relief pursuant to Part A. Amendment 821's Part B allows certain zero-point offenders to receive a reduction in their offense level. However, because Hernandez Dias received a criminal history score of five due to prior offenses, (*see* ECF No. 869), he is not eligible for relief under Part B.

his Guidelines range. With a total offense level of 40, regardless of whether he had a criminal history category of III or of IV, his Guidelines sentencing range would remain 360 months to life imprisonment.

Hernandez Diaz was sentenced to 324 months' imprisonment, below the Guidelines range. He is therefore not eligible for a sentence reduction pursuant to Amendment 821. *See United States v. Stiep*, Crim. No. 18-00311, 2024 WL 761897, at *2 (W.D.N.C. Feb. 21, 2024) ("Defendant is ineligible for sentence reduction under Amendment 821. That's because Defendant already a received a sentence below the Guidelines range that would have applied had Amendment 821 been in effect when Defendant was sentenced.").

Further, given the foregoing, the Court concludes that it would not be in the interests of justice to appoint Hernandez Diaz counsel.

Accordingly, it is ORDERED that Hernandez Diaz's Motion (ECF No. 1763) is DENIED.

DATED this __27__ day of January, 2025.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge